FILED

2017 AUG -8 AM 11:55

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | I N F O R M A T I O N |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:17 CR 309 |
| | ) | JUDGE **JUDGE NUGENT** |
| SALEM HABBAS, | ) | Title 7, United States Code, Sections |
| Defendant. | ) | 2024(b) and (c) |

COUNT 1
(Unauthorized Use, Transfer, Acquisition, Alteration, and Possession of Benefits)

The United States Attorney charges:

General Allegations

At all times relevant to this Indictment:

1.      Defendant SALEM HABBAS was a resident of the Northern District of Ohio. On or about January 22, 2008, Defendant SALEM HABBAS was convicted of Conspiracy to Commit Money Laundering and Conspiracy to Pass Counterfeit Securities, in the U.S. District

Court for the Northern District of Ohio, Case No. 1:07-CR-00520. On or about September 5, 2007, HABBAS was convicted of Passing Bad Checks, in the Cuyahoga County Court of Common Pleas, Case No. CR-06-488001.

2. As a result of his criminal record, SALEM HABAS was prohibited from participating in the United Stated Department of Agriculture's Supplemental Nutrition Assistance Program.

3. M.V. was a resident of the Northern District of Ohio.

4. Anette Inc. dba Economy Market (hereinafter "Market) was a convenience store conducting business in the Northern District of Ohio.

5. SALEM HABAS hired M.V. to be the nominal owner of Economy Market.

### SNAP Background

6. The Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program, is a governmental program administered by the United States Department of Agriculture ("USDA") through the Food and Nutrition Service ("FNS") in Ohio. Each authorized SNAP recipient in Ohio was issued an Ohio Direction Electronic Benefits Transfer ("EBT") card that contained a unique account number and an encrypted personal identification number ("PIN"). EBT cards are similar to bank debit cards in that a SNAP recipient can purchase food from authorized retailers using the EBT card. EBT benefits are downloaded monthly to the individual Ohio Direction EBT cards. EBT benefits are intended for use by eligible SNAP recipients to purchase eligible food from authorized retailers.

7. Retail stores can participate in the SNAP Program only with the authorization of the FNS. Authorized stores in the SNAP Program can only accept and redeem EBT benefits in

connection with the sale of eligible food items; they were not authorized to accept EBT benefits from other retailers, nor should they exchange SNAP benefits for cash.

8. The Ohio EBT system is operated through a contract between the FNS and the State of Ohio. The State of Ohio maintained a primary service contract with Affiliated Computer Services ("ACS"), located in Dallas, Texas. Authorized stores use a Point of Sale electronic card-reading device to process purchases by SNAP recipients of authorized SNAP grocery items. The EBT system then electronically debits the SNAP recipient's Ohio Direction Card account and credits the retail food store account for each completed and approved transaction where a SNAP customer used the Direction Card to make a purchase at an FNS-SNAP authorized store.

9. ACS settles and reconciles each retailer at the end of the ACS business day and an Automated Clearing House file is transmitted to ACS's primary bank. The bank then internally processes and sends the funds through the Federal banking system to the appropriate retailer or network bank location. Upon settlement of the day's EBT receipts, the host computer electronically transfers funds to the retail store's designated bank account as reimbursement for the EBT card transactions. As part of SNAP, a licensed vendor accepted responsibility for violations of the SNAP regulations, including violations committed by any of the vendor's employees, including all acts of fraud and trafficking.

Factual Background

10. HABBAS knew that if he appeared to own and operated the store, it could not participate in the SNAP Program due to his previous convictions. In order to hide the true ownership of the store, HABBAS asked M.V. to open the store in M.V.'s name.

11. On or about December 22, 2011, HABBAS and M.V. met with an attorney and an accountant to prepare the Articles of Incorporation for Anette, Inc., a corporation for the

convenience store. Although it would appear that M.V. owned the corporation, HABBAS owned it in fact.

12. HABBAS agreed to pay M.V.'s personal bills, including rent, in return for M.V.'s assistance in concealing the fact that HABBAS actually owned and operated the Market.

13. On or about February 17, 2012, M.V. submitted a SNAP Application for the Market to the USDA-FNS.

14. HABBAS instructed M.V. to conceal, in response to question 12 of the Application, that Defendant SALEM HABBAS was an officer, owner, partner, or member associated with Anette, Inc. HABBAS further instructed M.V. to conceal that no officer, owner, partner, or member involved in the operation of the business had been charged or convicted of any crime, when in truth and fact, as HABBAS and M.V. then well knew, Defendant SALEM HABBAS had prior convictions.

15. On or about February 27, 2012, the USDA-FNS authorized M.V. and the Market to participate in SNAP. This SNAP License was extended and remained in effect until approximately in or around February 2014.

16. Beginning in or around February 2012, and continuing through in or around February 2014, Defendant SALEM HABBAS operated the Market. HABBAS typically conducted and oversaw unauthorized SNAP benefit transactions with trusted Market customers, and authorized store employees to conduct unauthorized SNAP benefit transactions with unfamiliar customers.

17. Defendant, M.V., and other employees of the Market acting under the authority and direction of Defendant, illegally redeemed SNAP benefits for ineligible non-food items, such as non-food items, tobacco, and United States currency, in violation of the SNAP regulations.

18. In total, Defendant fraudulently caused the USDA-FNS to authorize approximately $274,750 in SNAP payments to the Market.

## The Charge

19. Beginning in or around February 2012, and continuing through in or around February 2014, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant SALEM HABBAS knowingly used, transferred, acquired, and possessed SNAP EBT authorization cards and access devices of a value of $5,000 or more in a manner contrary to Title 7, United States Code, Chapter 51 and the regulations issued thereunder, in that he acquired quantities of SNAP benefits in exchange for U.S. currency and other ineligible items.

All in violation of Title 7, United States Code, Section 2024(b), and Title 18, United States Code, Section 2.

## COUNT 2
(Presentation for Payment and Redemption of Benefits that Have Been Illegally Received, Transferred, and Used)

The United States Attorney further charges:

20. The factual allegations of paragraphs 1 through 18 of Count 1 of the Indictment are hereby repeated, realleged and incorporated as if fully set forth herein.

21. Beginning in or around February 2012, and continuing through in or around February 2014, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant SALEM HABBAS presented and caused to be presented SNAP benefits for payment and redemption of the value of $100 or more, knowing the same to have been received, transferred, and used in a manner in violation of Title 7, United States Code, Chapter 51 and the regulations

issued thereunder, in that he redeemed and presented for redemption quantities of USDA SNAP benefits that had been acquired in exchange for U.S. currency and other ineligible items.

All in violation of Title 7, United States Code, Section 2024(c), and Title 18, United States Code, Section 2.

DAVID A. SIERLEJA
Acting United States Attorney

By: *Ann C. Rowland*
ANN C. ROWLAND, Unit Chief
White Collar Crimes Unit